**Slip Op. 13-**70

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**Before**: Nicholas Tsoucalas, Senior Judge

| | |
|---|---|
| MEDLINE INDUSTRIES, INC., : : Plaintiff, : : v. : Court No.: 13-00031 : UNITED STATES, : : Defendant, : : | |

**OPINION and ORDER**

**Held**: Defendant's motion to dismiss is granted and plaintiff's cross-motions to stay and to consolidate are denied.

Dated: May 30, 2013

Hodes Keating & Pilon (Lawrence R. Pilon and Michael G. Hodes) for Medline Industries, Inc., Plaintiff.

Stuart F. Delery, Acting Assistant Attorney General; Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Douglas G. Edelschick); Office of the Chief Counsel for Import Administration, United States Department of Commerce, Scott D. McBride, Of Counsel, for the United States, Defendant.

**TSOUCALAS, Senior Judge**: This case comes before the court on defendant United States Department of Commerce's ("Commerce") motion to dismiss plaintiff Medline Industries, Inc.'s ("Medline") complaint, Def.'s Mot. Dismiss, No. 13-00031, Dkt. No. 13 at 1 ("Def.'s Mot."), and Medline's cross-motions to stay Commerce's motion and consolidate the instant case ("Medline I") with Medline Industries, Inc. v. United States, No. 13-00070 (Ct. Int'l Trade filed Feb. 18, 2013) ("Medline II"). See Pl.'s Resp. Mot. Dismiss,

No. 13-00031, Dkt. No. 17 at 1 ("Pl.'s Resp."). See also Pl.'s Mot. Consolidate, No. 13-00031, Dkt. No. 18; Pl.'s Mot. Stay Proceedings, No. 13-00031, Dkt. No. 19. Commerce argues that Medline I "was filed prematurely and is duplicative of Medline's identical challenge in [Medline II]." Def.'s Mot. at 1. Medline argues that at least one of its cases is jurisdictionally proper, and therefore asks this court to stay Commerce's motion and to consolidate Medline I with Medline II to "avoid the necessity of Medline being whipsawed on the jurisdictional issue and forced into appealing a dismissal now to protect itself from a successful jurisdictional challenge in [Medline II]." Pl.'s Resp. at 3. For the following reasons, the court grants Commerce's motion and denies Medline's cross-motions.

## BACKGROUND

On November 14, 2012, Medline filed a scope ruling request asking Commerce to determine that its hospital bed end panel components are outside the scope of the antidumping duty order on wooden bedroom furniture from the People's Republic of China ("PRC"). See Complaint, No. 13-00031, Dkt. No. 10 at 7 ("Compl."). See also Wooden Bedroom Furniture From the PRC: Final Results and Final Rescission in Part, 77 Fed. Reg. 51,754 (Aug. 27, 2012) (the "Order"). In a determination dated December 21, 2012, Commerce found that the merchandise in question was within the scope of the Order. See Wooden Bedroom Furniture from the PRC: Scope Ruling on

<u>Medline Industries, Inc.'s Hospital Bed End Panel Components</u>, Inv. No. A-570-890 (Dec. 21, 2012) ("<u>Scope Ruling</u>").

On December 27, 2012, Commerce emailed a copy of the <u>Scope Ruling</u> to Medline's counsel. <u>See</u> Compl. at 2. Medline insists that Commerce "confirmed to [Medline's] legal counsel that there would be no mailing other than the emailing on December 27, 2012."[1] <u>Id.</u> Relying on Commerce's representations regarding the December 27 email, Medline commenced this action on January 18, 2013 to appeal the results of the <u>Scope Ruling</u>. <u>See</u> <u>id.</u> at 3; Pl.'s Resp. at 2; Summons, No. 13-00031, Dkt. No. 1 at 1.

On January 28, 2013, Commerce mailed a copy of the <u>Scope Ruling</u> to Medline's counsel. <u>See</u> Compl. at 2–3. In response to this mailing, Medline also commenced <u>Medline II</u> to appeal the results of the <u>Scope Ruling</u>.[2] <u>See</u> Summons, No. 13-00070, Dkt. No. 1 at 1.

Commerce now moves to dismiss <u>Medline I</u> for lack of subject matter jurisdiction or, alternatively, for failure to state a claim. <u>See</u> Def.'s Mot. at 1. Specifically, Commerce argues that this Court lacks jurisdiction because Medline filed <u>Medline I</u> before commencement of the thirty-day window for filing an appeal

---

[1] Commerce asserts that it did not mail the <u>Scope Ruling</u> at that time "due to an apparent misunderstanding." Def.'s Mot. at 2.

[2] In its motion to dismiss <u>Medline I</u>, Commerce states multiple times that Medline filed <u>Medline II</u> in a timely fashion following the mailing of the <u>Scope Ruling</u>. <u>See</u> Def.'s Mot. at 2, 3.

of a scope determination under section 516A(a)(2)(A)(ii) of the Tariff Act of 1930.[3]  See id. at 3-4.  Commerce also argues that Medline I should be dismissed because Medline's complaint is "duplicative" of the complaint in Medline II.  Id. at 2.

## STANDARD OF REVIEW

"Subject matter jurisdiction constitutes a 'threshold matter' in all cases, such that without it, a case must be dismissed without proceeding to the merits."  Demos v. United States, 31 CIT 789, 789 (2007) (not reported in the Federal Supplement) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)). "The burden of establishing jurisdiction lies with the party seeking to invoke th[e] Court's jurisdiction."  Bhullar v. United States, 27 CIT 532, 535, 259 F. Supp. 2d 1332, 1334 (2003) (citing Old Republic Ins. Co. v. United States, 14 CIT 377, 379, 741 F. Supp. 1570, 1573 (1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "For the purposes of a motion to dismiss, the material allegations of a complaint are taken as admitted and are to be liberally construed in favor of the plaintiff(s)."  Humane

---

[3] All further references to the Tariff Act of 1930 will be to the relevant provisions of Title 19 of the United States Code, 2006 edition, and all applicable supplements thereto.

Soc'y of the U.S. v. Brown, 19 CIT 1104, 1104, 901 F. Supp. 338, 340 (1995) (citing Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969)).

**DISCUSSION**

An action challenging a final scope ruling by Commerce must be filed "[w]ithin thirty days after . . . the date of mailing" of that scope ruling. 19 U.S.C. § 1516a(a)(2)(A)(ii). If a party does not satisfy the terms of section 1516a(a)(2)(A)(ii), this Court lacks jurisdiction over that party's claim. See NEC Corp. v. United States, 806 F.2d 247, 248 (Fed. Cir. 1986) ("The proper filing of a summons to initiate an action in the Court of International Trade is a jurisdictional requirement."). "Since section 1516a(a)(2)(A) specifies the terms and conditions upon which the United States has waived its sovereign immunity in consenting to be sued in the Court of International Trade, those limitations must be strictly observed and are not subject to implied exceptions." Georgetown Steel Corp. v. United States, 801 F.2d 1308, 1312 (Fed. Cir. 1986). The Court's jurisdiction over this action turns on whether the email to Medline's counsel on December 27, 2012 constituted a "mailing" within the meaning of section 1516a(a)(2)(A)(ii).

Medline argues that "th[is] Court has jurisdiction over at least one of [Medline I and Medline II]." Pl.'s Resp. at 3. Medline states that it "is unaware of any court decision holding

that email notification does or does not satisfy 19 U.S.C. § 1516a(a)(2)(A)(ii)." Id. at 3-4. Given this fact and in light of Commerce's representations concerning the legal effect of the December 27, 2012 email, Medline asks the court to stay Commerce's motion and consolidate Medline I with Medline II. Id. at 4. Medline insists that this result "spares Medline the necessity of filing a costly and unnecessary appeal of an adverse jurisdictional ruling in [Medline I], just to protect itself from possible jurisdictional challenges in [Medline II]." Id.

   Medline has not met the burden of establishing this Court's jurisdiction over Medline I. In light of its obligation to construe the terms of section 1516a(a)(2)(A) strictly, see Georgetown Steel, 801 F.2d at 1312, the court refuses to extend the definition of "mailing" to include email messages. See Bond St., Ltd. v. United States, 31 CIT 1691, 1695, 521 F. Supp. 2d 1377, 1381 (2007) (holding that a fax was not a "mailing" within the meaning of 19 U.S.C. § 1516a(a)(2)(A)(ii)); cf. Tyler v. Donovan, 3 CIT 62, 65-66, 535 F. Supp. 691, 693-94 (1982) (mailed notification of a final determination was insufficient to trigger filing period when statute required publication in the Federal Register). Although email is a widespread means of communication, Medline has not demonstrated that an email is sufficient to commence the filing period under section 1516a(a)(2)(A)(ii). Accordingly, the thirty-day period for Medline to appeal the

Court No. 13-00031                                                    Page 7

results of the Scope Ruling was triggered by the January 28, 2013 mailing of the Scope Ruling to Medline's counsel.  See 19 U.S.C. § 1516a(a)(2)(A)(ii).  Because Medline filed Medline I prematurely, the court must dismiss for lack of subject matter jurisdiction.[4] See W. Union Tel. Co. v. FCC, 773 F.2d 375, 381 (D.C. Cir. 1985) (dismissing for lack of jurisdiction where plaintiff filed petition for review before the 28 U.S.C. § 2344 filing window opened); Bond St., 31 CIT at 1695, 521 F. Supp. 2d at 1381.  Although the court is wary of granting Commerce's motion given the alleged misrepresentations to Medline's counsel, this concern is tempered by the fact that Medline initiated Medline II in a timely fashion following the January 28, 2013 mailing of the Scope Ruling.  See Def.'s Mot. at 2, 3.

Also before the court are Medline's cross-motions to stay Commerce's motion to dismiss, see Pl.'s Mot. Stay, No. 13-00031, Dkt. No. 19 at 1, and to consolidate Medline I with Medline II. See Pl.'s Mot. Consolidate, No. 13-00031, Dkt. No. 18 at 1.  In light of the court's decision to dismiss Medline I for lack of subject matter jurisdiction, these motions are denied as moot.  See Hitachi Home Elecs. (Am.), Inc. v. United States, 34 CIT __, __, 704 F. Supp. 2d 1315, 1322 (2010), aff'd 661 F.3d 1343 (Fed. Cir. 2011) (denying plaintiff's cross-motion for consolidation as moot

---

[4] Because the court does not have subject matter jurisdiction over Medline I, the court will not rule on whether Medline stated a claim in its complaint.

when dismissing for lack of subject matter jurisdiction).

## CONCLUSION

For the foregoing reasons, Medline's complaint is dismissed without prejudice due to lack of subject matter jurisdiction, and Medline's cross-motions to stay and to consolidate are denied as moot.

## ORDER

In accordance with the above, it is hereby

**ORDERED** that defendant's motion to dismiss is **GRANTED**; and it is further

**ORDERED** that plaintiff's complaint (Dkt. No. 10) in this action is dismissed without prejudice; and it is further

**ORDERED** that plaintiff's cross-motion to consolidate (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED** that plaintiff's cross-motion to stay (Dkt. No. 19) is **DENIED**.

                                               /s/ Nicholas Tsoucalas  
                                                     **Nicholas Tsoucalas**  
                                                          **Senior Judge**

**Dated: May 30, 2013**  
      **New York, New York**